# UNITED STATES DISTRICT COURT
### Middle District of Tennessee

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| KEONTIS KAMEL JENKINS | ) | Case Number:  3:25-cr-00152 |
| | ) | USM Number:  98810-511 |
| | ) | Davis Griffin |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1, 2, 3, 4 and 5 of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses.

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U S C  §§922(g)(1) & 924(a)(8) | Possession of a firearm by a convicted felon | 1/14/2025 | 1 |
| 18 U S C  §§ 922(o) & | Possession of a machine gun | 1/14/2025 | 2 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances

7/10/2026
_____
Date of Imposition of Judgment

*Eli Richardson*
_____
Signature of Judge

Eli Richardson, United States District Judge
_____
Name and Title of Judge

July 13, 2026
_____
Date

DEFENDANT:  KEONTIS KAMEL JENKINS
CASE NUMBER:  3 25-cr-00152

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 924(a)(2) | | | |
| 21 U S C § 841(a)(1), (b)(1)(C) | Possession with intent to distribute Fentanyl, Alprazolam, and marijuana | 1/14/2025 | 3 |
| 18 U S C § 924(c)(1)(A) | Possession of a firearm in furtherance of a drug trafficking crime | 1/14/2025 | 4 |
| 18 U S C §§922(g)(1) & 924(a)(8) | Possession of a firearm by a convicted felon | 1/14/2025 | 5 |

Judgment — Page  3  of  8

DEFENDANT:  KEONTIS KAMEL JENKINS
CASE NUMBER:  3.25-cr-00152

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of·
76 months - 16 months on each of Counts 1, 2, 3 and 5 to run concurrent with each other, to which a consecutive 60-month sentence will run on Count 4.

☐ The court makes the following recommendations to the Bureau of Prisons

☑ The defendant is remanded to the custody of the United States Marshal

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at    _____ ☐ a.m. ☐ p m    on    _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ☐ before 2 p.m. on    _____

    ☐ as notified by the United States Marshal

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows·

Defendant delivered on   _____ to   _____

at   _____ , with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By   _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   KEONTIS KAMEL JENKINS
CASE NUMBER:   3 25-cr-00152

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of·

3 years - All counts concurrent with each other

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2    You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
         ☐ The above drug testing condition is suspended, based on the court's determination that you
         pose a low risk of future substance abuse  *(check if applicable)*
4.   ☐ You must make restitution in accordance with 18 U S C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution  *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U S C  § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense  *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence  *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page

Judgment—Page __5__ of __8__

DEFENDANT:  KEONTIS KAMEL JENKINS
CASE NUMBER:  3 25-cr-00152

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision   These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed
3  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4  You must answer truthfully the questions asked by your probation officer
5  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours
10  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i e , anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)
11  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court
12  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13  You must follow the instructions of the probation officer related to the conditions of supervision

## U.S. Probation Office Use Only

A U S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions  For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at. www uscourts.gov.

Defendant's Signature  _____        Date  _____

DEFENDANT: KEONTIS KAMEL JENKINS
CASE NUMBER: 3 25-cr-00152

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the United States Probation Office. You shall pay all or part of the cost for substance abuse treatment if the United States Probation Office determines you have the financial ability to do so or has appropriate insurance coverage to pay for such treatment.
2. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

3. You shall promptly advise the United States Probation Office of the name and contact information for any physician who prescribes any controlled substance and agrees to execute a release of information form so that medical records may be obtained from such physician.

4 You shall participate in a mental health program as directed by the United States Probation Office. You shall pay all or part of the cost of mental health treatment if the United States Probation Office determines you have the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

5. You must take all mental health medications that may be prescribed by your treating physician.

6 You shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

7 You must not communicate, or otherwise interact, with any known member of the Hoover Crips gang, without first obtaining the permission of the probation officer

8. You shall participate in a cognitive behavioral therapy (CBT) program as directed by the United States Probation Office. You shall pay all or part of the cost for CBT if the United States Probation Office determines you have the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

DEFENDANT· KEONTIS KAMEL JENKINS
CASE NUMBER: 3 25-cr-00152

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 500 00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below  However, pursuant to 18 U S C § 3664(i), all nonfederal victims must be paid before the United States is paid

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ 0 00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U S C § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C § 3612(g)

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows·

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
** Justice for Victims of Trafficking Act of 2015, Pub  L  No  114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996

Judgment — Page    8    of    8

DEFENDANT·  KEONTIS KAMEL JENKINS
CASE NUMBER:  3 25-cr-00152

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows·

**A**   ☐   Lump sum payment of $ _____  _____ due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance with ☐ C,   ☐ D,   ☐ E, or   ☐ F below, or

**B**   ☑   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below), or

**C**   ☐   Payment in equal _____ *(e g , weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e g , months or years)*, to commence _____ *(e g , 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal _____ *(e g , weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e g , months or years)*, to commence _____ *(e g , 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e g , 30 or 60 days)* after release from
imprisonment   The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment   All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐   The defendant shall pay the cost of prosecution

☐   The defendant shall pay the following court cost(s)

☐   The defendant shall forfeit the defendant's interest in the following property to the United States·

Payments shall be applied in the following order· (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs